1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    YUHUA YANG,                          No.  2:25-cv-02205-DAD-AC (HC)

12                    Petitioner,

13         v.                              ORDER GRANTING IN PART
                                           PETITIONER'S MOTION FOR
14    POLLY KAISER, et al.,                PRELIMINARY INJUNCTION

15                    Respondents.

16

17         This matter is before the court on petitioner's motion for preliminary injunction.[1]  (Doc.

18    No. 4.)  On October 8, 2025, respondents filed their opposition brief and on October 15, 2025,

19    petitioner filed his reply thereto.  (Doc. Nos. 21, 22.)  On October 18, 2025, the pending motion

20    was taken under submission pursuant to Local Rule 230(g).  (Doc. No. 23.)  For the reasons

21    explained below, the court will grant petitioner's motion for preliminary injunction in part.

22         "The proper legal standard for preliminary injunctive relief requires a party to demonstrate

23    'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

24    absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction

25    _____

26    [1]  On September 3, 2025, the parties filed a stipulation in which they represented that "Petitioner
      has already fully briefed these issues in his motion for temporary restraining order and
27    preliminary injunction."  (Doc. No. 17 at 3.)  Accordingly, the court refers to petitioner's motion
      for temporary restraining order (Doc. No. 4) as his motion for preliminary injunction throughout
28    this order.

                                           1

is in the public interest.'"  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v.*

*Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that

irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'")

(quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)).  The Ninth

Circuit has also held that an "injunction is appropriate when a plaintiff demonstrates . . . that

serious questions going to the merits were raised and the balance of hardships tips sharply in the

plaintiff's favor."  *All. for the Wild Rockies*, 632 F.3d at 1134–35 (quoting *Lands Council v.*

*McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (*en banc*), *overruled on other grounds by Winter*, 555

U.S. 7).[2]  The party seeking the injunction bears the burden of proof as to each of these elements.

*Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *Caribbean Marine Servs. Co.*

*v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege

imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened

injury as a prerequisite to preliminary injunctive relief.").  Finally, an injunction is "an

extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled

to such relief."  *Winter*, 555 U.S. at 22.

On August 20, 2025, the court granted petitioner's motion for temporary restraining order

in part, enjoining and restraining respondents from "re-detaining petitioner for any purpose,

absent exigent circumstances, without providing petitioner notice and a pre-detention hearing

before an immigration judge."  (Doc. No. 16 at 19.)  "'The standard for issuing a temporary

restraining order is identical to the standard for issuing a preliminary injunction.'"  *Rowe v.*

*Naiman*, No. 2:14-cv-02498-ODW-SH, 2014 WL 1686521, at *2 (C.D. Cal. Apr. 29, 2014)

(quoting *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D.

Cal. 1995)).  "Because the same legal standard applies to temporary restraining orders and

---

[2]  The Ninth Circuit has found that this "serious question" version of the circuit's sliding scale
approach survives "when applied as part of the four-element *Winter* test."  *All. for the Wild
Rockies*, 632 F.3d at 1134.  "That is, 'serious questions going to the merits' and a balance of
hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction,
so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the
injunction is in the public interest."  *Id.* at 1135.

preliminary injunctions, in issuing the TRO, the court determined that plaintiff" has satisfied the requirements for the issuance of a preliminary injunction. *Right to Life of Cent. Cal. v. Bonta*, 614 F. Supp. 3d 729, 734 (E.D. Cal. 2022).

In their opposition to petitioner's motion for a preliminary injunction, respondents largely reiterate the arguments they advanced in opposing petitioner's motion for a temporary restraining order which have already been considered and rejected by the court. (Doc. No. 21.) Respondents additionally argue that petitioner's request for release is now moot because he has been released from detention. (*Id.* at 4.) In his reply, petitioner concedes that his request for release is now moot, but maintains that due process requires a pre-deprivation hearing prior to any re-detention that he may be subject to. (Doc. No. 22 at 2.) Petitioner also continues to request that the court order that he be "provided with constitutionally-compliant procedures prior to any third country removal." (*Id.*) However, petitioner has provided no new arguments or evidence addressing the court's previous finding that the issue of third country removal was not currently before the court in this case. (Doc. No. 16 at 3.) In short, the parties do not advance any materially different arguments regarding either petitioner's request for an order enjoining re-detention without a pre-deprivation hearing or for an order enjoining his removal to a third country without notice and an opportunity to be heard.

Accordingly, the court incorporates the analysis made in its prior order granting petitioner's motion for temporary restraining order (Doc. No. 16) in its entirety herein and will grant petitioner's motion for preliminary injunction in part.

For the reasons above,

1. Petitioner's motion for a preliminary injunction (Doc. No. 4) is GRANTED in part as follows:

   a. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

/////

/////

3

b.      Petitioner's request for a preliminary injunction enjoining respondents from removing him to a third country without notice and an opportunity to be heard is DENIED without prejudice to a renewed motion for temporary restraining order if the issue of his threatened removal becomes ripe for the court's consideration;

c.      Petitioner's request for release from respondents' custody has been rendered moot by respondents' release of petitioner in compliance with this court's temporary restraining order;

2.      No bond shall be required to be posted by petitioner pursuant to Rule 65(c) of the Federal Rules of Civil Procedure; and

3.      This preliminary injunction is effective immediately and shall remain in full force and effect through the date on which judgment, if any, is entered in this case.

IT IS SO ORDERED.

Dated:   **October 29, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE